UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHANIEL S.,

                Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 2:21-cv-0286-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2. This matter is fully briefed. *See* Dkts. 13, 19, 20.

      Plaintiff's disability claims largely are based on mental impairments such as generalized anxiety disorder, depressive disorder and bipolar disorder. *See* AR 18. The ALJ reviewing plaintiff's disability claim appears to have misread the medical records being reviewed, not understanding some medical records were provided by a treating doctor, and other consulting opinions of marked limitations were based on those records. *See* AR 30. Because the ALJ's rationale for failing to credit fully the medical opinions is not supported by substantial evidence, and because the ALJ's errors when reviewing the medical evidence are not harmless, plaintiff's

ORDER - 1

claim for disability must be reviewed again by the Administration following remand of this matter.

## FACTUAL AND PROCEDURAL HISTORY

On May 23, 2018, plaintiff filed applications for DIB and SSI, alleging disability as of February 26, 1989, later revised to February 13, 2018. *See* Dkt. 11, Administrative Record ("AR"), p. 15. The applications were denied on initial administrative review and on reconsideration. *See* AR 15. A hearing was held before Administrative Law Judge M.J. Adams ("the ALJ") on July 14, 2020. *See* AR 15. In a decision dated August 03, 2020, the ALJ determined plaintiff to be not disabled. *See* AR 12-. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481. Although there was a prior unfavorable decision on earlier applications dated February 12, 2018 by ALJ Malcom Ross, the presumption of continuing non-disability was found to be rebutted by the ALJ "because [plaintiff] has a new mental impairment diagnosis since the prior decision." AR 15; *see also* AR ("[plaintiff's] diagnosis shifted to bipolar disorder").

In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by: (1) rejecting the medical opinions from Drs. Epp, Burdge, and VanFossen without proper evaluation; (2) failing to weigh the medical opinions from Drs. Valmet, Sylvester, and Greenfield, conclusively rejecting them without consideration; and (3) failing to consider properly the nature and intensity of plaintiff's limitations and failing to offer clear and convincing reasons for rejecting plaintiff's subjective complaints. "Open," Dkt. 13, p. 1. Defendant contends the ALJ reasonably evaluated the medical opinions, as well as plaintiff's subjective allegations. "Response," Dkt. 19, p. 1.

ORDER - 2

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

DISCUSSION

**I.      The ALJ erred when evaluating the medical evidence.**

Plaintiff contends the ALJ erred when evaluating the medical evidence, such as the medical opinion evidence provided by Drs. Epp, Burdge, VanFossen, Valmet, Sylvester, and Greenfield. Open, Dkt. 13, p. 1. Defendant contends the ALJ reasonably evaluated the medical opinions. Response, Dkt. 19, p. 1. According to the ALJ, plaintiff suffered from the severe impairments of: "autism spectrum disorder; generalized anxiety disorder; depressive disorder; bipolar disorder; attention-deficit hyperactivity disorder (ADHD); and fibromyalgia (20 CFR 404.15 20(c) and 416. 920(c))." AR 18.

In 2017, the Commissioner issued new regulations governing how ALJs are to evaluate medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical

opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). That explanation must be legitimate, as the Court will not affirm a decision that is based on legal error or not supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012 at *3 (W.D. Wash. Nov. 10, 2020) (unpublished opinion) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

As plaintiff filed the claim on May 23, 2018, the ALJ applied new regulations. Response 11-13. Therefore, based on the above considerations, the Court will determine whether the ALJ's decision is free of legal error and supported by substantial evidence.

A. <u>Dr. Aaron Burdge, PhD, non-examining medical consultant</u>

On February 14, 2018, Dr. Burdge reviewed medical records from Dr. Anthony Terndrup, Ph.D. dated December 20, 2017 in order to assess the severity of plaintiff's mental impairments in functioning. *See* AR 722. Dr. Burdge opined plaintiff experienced marked limitation in various work-related abilities, such as: the ability to understand, remember, and persist in tasks by following very short and simple, or detailed, instructions; the ability to perform activities within a schedule, maintaining regular attendance, and be punctual within customary tolerances; the ability to perform routine tasks without special supervision; the ability to adapt to changes in a routine work setting; the ability to make simple work-related decisions; the ability to communicate and perform effectively in a work setting; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms;

ORDER - 4

and, the ability to set realistic goals and plan independently. *See* AR 723. Dr. Burdge assessed these limitations resulted from plaintiff's functional symptoms of disorientation, disorganized speech, grossly disorganized behavior, and paranoia. *See* AR 724. Dr. Burdge indicated the diagnoses which impaired plaintiff's work function listed in the medical records of plaintiff included schizophrenia spectrum or other psychotic disorder, as well as autism spectrum disorder. *See id*.

As noted, the medical reports Dr. Burdge indicated he relied on were the medical records of Dr. Terndrup, such as Dr. Terndrup's December 20, 2017 medical evaluation. *See* AR 722. Despite defendant's argument "there is no assessment from that date or provider in the record," the record reflects on December 20, 2017, Dr. Terndrup noted plaintiff "described and acknowledged h[er] disorganized speech as 'rambling' and 'tangential.'" *See* AR 665; *see also* Response 15. Defendant's argument is unavailing based on the record. *See id*.

Dr. Terndrup also examined and assessed plaintiff on December 13, 2017; January 17, 2018; January 24, 2018; January 31, 2018; February 7, 2018; February 21, 2018; February 28, 2018; March 7, 2018; March 14, 2018; March 21, 2018; and, April 27, 2018.  These records can be found in the administrative record at pages 639-50, and 661-67. *See* AR 69-50, 661-67. Although defendant contends "the source of the limitations Dr. Burdge reviewed is unclear," these medical records from Dr. Terndrup demonstrate otherwise. *See id*. Not only is the specific record from Dr. Terndrup on December 20, 2017 clearly available in the record when plaintiff "described and acknowledged h[er] disorganized speech as 'rambling' and 'tangential,'" *see* AR 665, but also, the additional records noted above from Dr. Terndrup also are in the record and were available to the ALJ. However, as discussed further below, the ALJ does not appear to have evaluated these records from the treating doctor, and therefore as a necessity, did not have the

ORDER - 5

ability to assess accurately their consistency with the rest of the record or with the opinion of marked limitations from Dr. Burdge. *See* AR 30. Furthermore, plaintiff argues these cited records "directly reflect and support the difficulties identified in Dr. Burdge's opinion." Open 11 (citing AR 723); *see also* open 9-11.

In the written decision denying plaintiff's claims, the ALJ included the following discussion:

> The record also contains DSHS Review of Medical Evidence assessment forms assigned to Dr. Burdge and Dr. VanFossen, both non-examining psychological consultants, for review of prior opinions and records. Respectively, these forms contain the functional ratings from a December 2017 evaluation by DSHS examiner Dr. Terndrup (internal citation to B14 F/1-3) and from Dr. Epp's May 2019 evaluation, addressed above. However, Dr. Terndrup's objective findings and notes are not included with the form assigned to Dr. Burdge, and completed reviews by Dr. Burdge and Dr. VanFossen are not included. As to Dr. Burdge's form, this leaves a bare record of Dr. Terndrup's marked ratings, prior to the period at issue and with no context from his examination. Dr. Terndrup's opinion is unsupported and Dr. Burdge's is not included. Thus, Dr. Terndrup's opinion is not persuasive.

AR 30.

First, the Court notes the ALJ begins the discussion by incorrectly indicating the assessment form from Dr. Burdge contains "the functional ratings from a December 2017 evaluation by DSHS examiner Dr. Terndrup." *Id.* (internal citation to B14 F/1-3, *i.e.,* AR 722-24). However, as noted by plaintiff, Dr. Terndrup is not a DSHS examiner, but instead is a treating doctor of plaintiff, "and it was in fact medical treatment records that Dr. Burdge reviewed." *See* Open 8 (citing AR 69-50, 661-67). Plaintiff's argument is persuasive: the ALJ initiates the discussion with a clear misunderstanding of the record. *See id.: see also* AR 30.

Next, the ALJ indicates Dr. Terndrup's objective findings and notes are not included with the form assigned to Dr. Burdge, and a complete review by Dr. Burdge is not included; however, Dr Terndrup's objective findings and notes *are* included in the record that was before the ALJ, as

ORDER - 6

the Court has briefly reviewed them above, *see supra*, and also, there is a functional assessment by Dr. Burdge -- the fact that Dr. Burdge did not answer other questions on the form is not a rationale based on substantial evidence to discount the very relevant opinions regarding work-related functional limitations that are included on the form. *See* AR 30; *see also* AR 723-24.

The ALJ finds that Dr. Burdge's opinion is only suppoted by "a bare record of Dr. Terndrup's marked ratings, prior to the period at issue and with no context from his examination." *See* AR 30. However, not only is this finding not based on substantial evidence, it is simply inaccurate. The Court already has noted the context from Dr. Terndrup's treating examinations and the multitude of examination medical records included in this administrative record before the Court that was before the ALJ. *See supra*; *see also* AR 69-50, 661-67 (noting when Dr. Terndrup examined and assessed plaintiff on December 13, 2017; January 17, 2018; January 24, 2018; January 31, 2018; February 7, 2018; February 21, 2018; February 28, 2018; March 7, 2018; March 14, 2018; March 21, 2018; and, April 27, 2018). This is a highly relevant period of time, as plaintiff's (revised) alleged onset date of disability is February 13, 2018. *See* AR 15. The ALJ's finding otherwise is not based on substantial evidence in the record.

The Court concludes based on the record the ALJ's findings that "Dr. Terndrup's opinion is unsupported and Dr. Burdge's is not included" is inaccurate, reflects a misunderstanding of the record, and is not supported by substantial evidence in the record. *See* AR 30.

The ALJ's finding Dr. Terndrup's opinion is not persuasive is not explained or substantiated and it is unclear which opinion the ALJ is referring to here. This finding does not support the rejection of the marked limitations opined by Dr. Burdge. As nothing else in the ALJ's discussion provide substantial evidence in support of the rejection of the marked limitations opined by Dr. Burdge, the ALJ's failure to include them in plaintiff's residual

ORDER - 7

functional capacity ("RFC") assessment is error. Because the Court also concludes that the error is not harmless, this matter must be reversed and remanded.

B. Medical opinions slightly predating revised alleged onset date of February 13, 2018

In addition, the ALJ appears to have rejected some medical opinions on the basis that they were provided shortly before the relevant period of time; however, plaintiff's argument that all medical opinions are relevant and that it is insufficient for the ALJ to rely only on this rationale is persuasive. *See* Open 13 (citing 20 C.F.R. Section 416. 920c ("we will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record"); *Shafer v. Astrue*, 518 F.3d 1067, 1069 (9th Cir. 2008); *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984); *see also* Open 13-15 (citing *Williams v. Astrue*, 493 F.App'x 866, 868 (9th Cir 2012). These opinions too should be assessed anew following remand of this matter.

II. **The error is not harmless.**

The Ninth Circuit has "long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is "'inconsequential to the ultimate non[-]disability determination.'" *Molina, supra,* 674 F.3d at 1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

Here, the Court has concluded the ALJ erred when evaluating Dr. Burdge's medical opinion of plaintiff's marked limitations, *see supra*, Section I. Plaintiff argues the ALJ's "improper evaluation resulted in an incomplete RFC assessment and corollary hypothetical questions to the vocational expert." Open 19. Plaintiff further argues when an ALJ relies on vocational expert ("VE") testimony that was provided "in response to an incomplete

ORDER - 8

hypothetical, reversal of the ALJ' decision is mandated." *Id*. (citing *Young v. Colvin*, 2014 U.S. Dist. LEXIS 82530 at *13 (W.D. Wash June 17, 2014)). Plaintiff's argument is persuasive.

At plaintiff's administrative hearing, the VE testified regarding "tolerance in the workplace for interpersonal conflict .… If there [are] difficulties for whatever reason," if it occurs more than 15% of the time throughout the day, according to the VE "it would not be tolerated." AR 79. As noted previously, Dr. Burdge opined plaintiff suffered from many marked limitations, including in her ability to communicate and perform effectively in a work setting; in her ability to understand, remember, and persist in tasks by following very short and simple instructions; and in her ability to perform routine tasks without special supervision, as well as in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. *See* AR 723. The VE's testimony suggests these marked limitations would preclude work activity for plaintiff, and that her limitations would "not be tolerated." *See* AR 79. Therefore, the Court concludes the ALJ's failure to provide substantial evidence in the record for failing to credit Dr. Burdge's opinion of marked limitations into the RFC is not harmless error and this matter must be reversed and remanded for further proceedings. *See Molina*, *supra,* 674 F.3d at 1117 (quoting *Carmickle*, *supra*, 533 F.3d at 1162).

**III.    The ALJ erred when assessing plaintiff's subjective claims.**

Plaintiff contends the ALJ erred by failing to provide sufficient reasons for not incorporating fully plaintiff's subjective claims; however, the Court already has concluded the ALJ committed harmful error and the medical evidence should be reviewed anew, *see supra*, Sections I and II. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

ORDER - 9

However, the Court notes briefly defendant justifies the ALJ's reliance on some irregular part-time work as demonstrating an inconsistency with plaintiff's allegations that when under stress she cannot perform even simple tasks. *See* Response 8. However, neither the ALJ in the written decision, nor defendant in support of it, has cited to any portion of the record demonstrating plaintiff was doing this part-time irregular housecleaning when she was in periods of high stress or decreased functioning: the ALJ has found severe plaintiff's bipolar disorder, hence variability is consistent with the allegations and is expected. *See* AR 18. There does not appear to be any inconsistency.

Similarly, failure to engage in therapeutic treatment for mental health can indicate the mental health problems are not severe, but it also can indicate the mental health problems are so severe the person does not have appropriate insight into the need for therapy. A person suffering from a mental illness may not realize her "condition reflects a potentially serious mental illness." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (quoting with approval, *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)).

Based on the record before the Court, the ALJ's finding the inconsistent treatment supports that treatment was not necessary at a minimum requires more substantial evidence than exists in the decision currently. Similarly, that plaintiff sometimes demonstrated appropriate affect when she claims to sometimes feel otherwise appears to be based on specialist opinions entirely consistent with the diagnosis of bipolar disorder and does not demonstrate that she does not have mood disorder limitations. Finally, improvement does not necessarily mean

improvement to a point of ability to work full-time: a closed period of disability is a possibility based on this record. All of this should be reviewed again following remand of this matter.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. The medical opinion of Dr. Burdge was rejected without substantial evidence in support of the rejection and this error is not harmless. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 20th day of December, 2021.

David W. Christel
United States Magistrate Judge

ORDER - 11